UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

John Elder et al.,

        Plaintiff,       **Hon. Hugh B. Scott**

                  08CV733A
    v.

                **Order and**
               **Report & Recommendation**

David J. Gold, P.C.,

        Defendant.
_____

  Before the Court are: the plaintiff's motion to dismiss the counterclaim (Docket No. 5), the defendant's motion to dismiss the complaint (Docket No. 9), and plaintiff's motion to compel discovery (Docket No. 15).

**Background**

  The plaintiffs, John and Carol Elder (referred to collectively as the "Elders"), brought this action against David J. Gold, P.C. ("Gold") alleging violations of the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.). The plaintiffs acknowledge that they defaulted on a debt owing from the purchase of a campground membership from Niagara Lazy Lakes Camping Resort, Inc. ("Lazy Lakes"). (Docket No. 1 at ¶ 17). The purchase agreement stipulated that venue was proper in any county in which the agreement was signed. (Docket No. 1 at ¶ 14). The

1

plaintiffs assert that they signed the purchase agreement in Niagara County and that Lazy Lakes is located in Niagara County (and does not do business in any other county) (Docket No. 1 at ¶¶ 12, 15). The Elders allege that on December 11, 2007, Gold filed a lawsuit against the plaintiffs in the Civil Court of the City of New York asserting that the purchase agreement was signed in the County of New York. (Docket No. 21). The plaintiffs assert that they hired counsel to file an answer in that state court action, and that in their answer, they alerted the defendant to the fact that the defendant had falsely represented that Lazy Lakes address was 116 John Street, New York, New York 10038. The defendants eventually filed a motion for summary judgment in the New York City Civil Court action, again allegedly misrepresenting that Lazy Lakes' address was at 116 John Street in New York, New York. (Docket No. 1 at ¶ 25). However, the plaintiffs defaulted with respect to such motion.[1] The plaintiffs assert that Gold violated 15 U.S.C. §§1692e, 1692e(2)A), 1692e(5), 1692e(10) and 1692f by falsely representing that Lazy Lakes' address was 116 John Street, New York, New York 10038; that the transaction between the Elders and Lazy Lakes took place in New York County; and by presenting an altered copy of the parties' contract to the Court in the state court proceeding. (Docket No. 1 at ¶ 30). Further, the plaintiffs contend that Gold violated 15 U.S.C. §1692i(a) by suing them in a county other than the county that plaintiffs signed their contract with Lazy Lakes or where the plaintiffs reside. (Docket No. 1 at ¶ 31).

The defendant filed an answer including several affirmative defenses and two counterclaims. In the first counterclaim, the defendant asserts that the plaintiffs instituted this

---

[1] The plaintiffs assert that they could not afford to pay an attorney to represent them with respect to the summary judgment motion. (Docket No. 1 at ¶26).

2

action as a means of harassment in retaliation for defendant's attempts to collect the underlying debt (Docket No. 4 at ¶ 80). Gold also asserts a claim asserting that this action was commenced "as a means of harassment and intimidation" and that he "may have lost a client and lost substantial income." (Docket No. 4 at ¶ 82). The defendant repeated these counterclaims in an Amended Answer and Counterclaims dated December 5, 2008 (Docket No. 8, ¶¶ 81-84) and in a Second Amended Answer and Counterclaims dated December 8, 2008 (Docket No. 10, ¶¶ 81-84).

**Motion to Dismiss Counterclaims**

The plaintiff has moved to strike and/or dismiss the defendant's two counterclaims. The plaintiff notes that 15 U.S.C. §1692k(a)(3) allows a defendant to recover costs and attorneys fees from a plaintiff if the action was brought in bad faith and for the purpose of harassment, but asserts that such a claim is properly brought *by motion* at the end of a case and that such a claim is not a proper basis for a counterclaim. See Hardin v. Folger, 704 F.Supp. 355 (W.D.N.Y. 1988)(Defendants in action brought under Fair Debt Collection Practices Act could not seek award of attorney's fees based on claim that action was filed in bad faith by filing counterclaim, but rather were required to file motion for attorneys' fees if court determined that action was brought in bad faith). The defendant does not dispute the plaintiff's argument, and states that he "has no objection to having its first counterclaim treated merely as an affirmative defense for attorneys' fees if that will make plaintiffs happy." (Docket No. 9 at ¶ 60).

The plaintiff also seeks to dismiss the second counterclaim on the grounds that the defendant's claim for damages is too vague and speculative, and that there is no nexus between

3

the filing of this lawsuit and defendant's fear of losing clients. The defendant has agreed to withdraw the second counterclaim. (Docket No. 9 at ¶¶ 62).[1]

In light of the above, it is recommended that the two counterclaims asserted by the defendant in this case be dismissed.

**Motion to Dismiss the Complaint**

The defendant asserts that Lazy Lakes utilizes a collection agency in the State of Alabama ("Bayside") to collect past due membership fees, and that when unsuccessful, Bayside forwards claims (with Lazy Lakes' approval) to the defendant to commence litigation. (Docket No. 9 at ¶ 3). The defendant contends that Lazy Lakes' claim against the plaintiff was forwarded to the defendant on October 22, 2007, and that on that same date, the defendant sent a written demand for payment to the plaintiffs. (Docket No. 9 at ¶ 5). Gold states that the plaintiff did not respond to the written demand, and that "based upon information supplied by defendant's client", Gold commenced litigation against the plaintiffs in the Civil Court of the City of New York. (Docket No. 9 at ¶ 6). The defendant asserts that counsel for the plaintiffs' in the instant case, filed a verified answer on behalf of the plaintiffs in the New York City Civil Court action. The defendant contends that although the plaintiffs asserted an affirmative defense alleging improper venue, the plaintiff did not raise the affirmative defense of a lack of *in personam* jurisdiction. (Docket No. 9 at ¶¶ 7-9). The plaintiffs took no further action in the New York City Civil Court action and failed to respond to a motion for summary judgment filed in that case. (Docket No. 9

---

[1] Notwithstanding these representations, the defendant included both counterclaims in his subsequently filed Second Amended Answer. (Docket No. 10).

4

at ¶¶ 10-13). A judgment was entered against the plaintiffs in the amount of $7,814.40. (Docket No. 9 at ¶ 14). The plaintiffs did not contest the judgment in the New York City Civil Court. (Docket No. 9 at ¶ 15-16).

Gold contends that he did nothing wrong in his prosecution of the claim against the plaintiffs and submits that if he had received a call from plaintiffs' counsel after the filing of their answer containing a venue objection that he would have investigated their claims. (Docket No. 9 at ¶ 18). Gold states that his office "is located in a large office building in downtown Manhattan" and that "inadvertently ... the wrong sample copy of a breach of contract pleading was pulled up on the computer and amended to assert the claims against the plaintiff." (Docket No. 9 at ¶ 24). The defendant asserts that New York State Consumer Credit Transaction Act allows for an action to be maintained in either the county where the plaintiff or the defendant resides, or in the county in which the transaction took place, and thus, "based upon the information inadvertently not corrected on the face of the pleadings, on its face, [Lazy Lakes'] action was proper in the Civil Court." (Docket No. 9 at ¶ 24).

The plaintiff asserts that its principal claim in this case is that the defendant violated 15 U.S.C. §1692i(a) when he sued the plaintiffs in the New York City Civil Court. (Docket No. 13 at page 2). Section 1692i(a) provides:

> Any debt collector who brings any legal action on a debt against any consumer shall--
> **(1)** in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or
> **(2)** in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity--

5

        **(A)** in which such consumer signed the contract sued upon; or
        **(B)** in which such consumer resides at the commencement of the action.

The plaintiffs also assert that Gold violated §1692e by presenting the New York City Civil Court with an altered copy of the parties' contract. (Docket No. 1 at ¶ 30). In support of this claim, the plaintiffs point to the fact that in connection with the state court motion for summary judgment, Gold "provided a copy of the entire contract entered into between the parties, but cut off the provision of the contract that provided that venue was proper in the county in which the contract was signed." (Docket No. 1 at ¶ 25). The plaintiffs assert that this was done to mislead the court. Id.

Gold does not appear to contend that the state court action commenced in New York City Civil Court complies with this provision. Instead, Gold asserts the *bona fide* error defense in this case. A debt collector may avoid liability for a violation upon establishing both: 1) that it was unintentional; and 2) that it "resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error ." 15 U.S.C. § 1692k(c). The defendant asserting the *bona fide* error defense has the burden to establish, by a preponderance of the evidence, the unintentional nature of the FDCPA violation and the fact that violation occurred as a result of error notwithstanding reasonable procedures in place to avoid any such error. Johnson v. Equifax Risk Management Services, 2004 WL 540459 (S.D.N.Y.,2004). Questions of fact exist as to whether Gold may be entitled to a bona fide error defense in this case. Although the plaintiff contends that the commencement of the civil action against the Elders in New York City Civil Court was unintentional, the plaintiff contends that this issue should be presented to a jury.

(Docket No. 13 at page 4). Indeed, Gold has not articulated a basis for continuing the New York City Civil Court action against the Elders after being advised of the venue issue and of the fact that Lazy Lakes' address was misrepresented in the state court complaint. With respect to the fact that the contract presented to the New York City Civil Court failed to include the venue provision, Gold contends that the venue provision is the last line on the last page of the contract, and that the copy of the contract he received from Lady Lakes was cutoff and did not include this language. Such a representation is insufficient to warrant imposition of the *bona fide* error defense, as a matter of law, when viewed in light of the additional allegations that Gold continued the state court proceeding in the New York City Civil Court even after being advised of the venue problem. The same is true with respect to the defendant's assertion of this defense with respect to the Elders' claims that Gold violated other subdivisions of §1692e by using false, deceptive or misleading representations. Further, the defendant has not demonstrated that adequate procedures existed to avoid such an error. To the extent that the instant motion to dismiss is based upon an assertion of the *bona fide* error defense, the motion should be denied at this time.

The defendant also seeks to dismiss the plaintiffs' claims under §§1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f on the grounds that the plaintiffs have failed to state a claim. Section 1692e provides, in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: ...
>
> **(2)** The false representation of ... **(A)** the character, amount, or legal status of any debt; ...

> **(5)** The threat to take any action that cannot legally be taken or that is not intended to be taken. ...
>
> **(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Section 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. The plaintiffs contend that the gravamen of each of these claims is that the defendant used false, deceptive or misleading practices in connection with the collection of the underlying debt by improperly commencing the state court collection action against the plaintiffs in the New York City Civil Court. In this regard, the complaint adequately states claims under §§1692e, 1692e(10) and 1692f. However, the complaint in this matter does not allege a false representation as to the character, amount or legal status of any debt as required pursuant to §1692e(2)(A). Further, the complaint does not allege that the defendant threatened to take any action that cannot legally be taken or that was not intended to be taken. In fact, the plaintiffs do not assert that any threat was made by the defendant. Although the plaintiffs seek discovery as to these claims, the plaintiffs have not articulated how discovery with respect to these matters would result in a basis to assert claims pursuant to §§1692e(2)(A) or 1692e(5).

Based on the above, it is recommended that the motion to dismiss be denied, with the exception that the plaintiffs claims under §§1692e(2)(A) and 1692e(5) be dismissed.

**Motion to Compel**

The plaintiffs seek to compel the defendant to respond to discovery demands. The Elders assert that on March 20, 2009, they served Gold with a request for the production of documents

and plaintiffs' first set of interrogatories. (Docket No. 15-2 at ¶ 7). Gold allegedly refused to respond to the discovery requests, and instead, "simply faxed them back to [plaintiffs counsel] with a letter entitled "Notice of Rejection" asserting that the demands were overly burdensome and beyond the scope of disclosure." (See Docket No. 15-8) . Many of the discovery demands sought basic information regarding persons known to the defendant having personal knowledge of the facts and issues in this lawsuit; the errors made in connection with the state court action commenced in New York City Civil Court, and the procedures utilized by the defendant to ensure such errors did not occur. (Docket No. 15-7 ¶¶3, 4, 5, 6, 7, 8). The plaintiffs also sought information relating to the defendant's income inasmuch as Gold asserted a counterclaim alleging a loss of income. (Docket No. 15-2 at ¶ 9; Docket No. 15-7 at ¶ 10-11). In addition, the plaintiffs seek attorneys fees and costs incurred in bringing the instant motion. (Docket No. 15).

In response to this motion, the defendant appears to contend that discovery was stayed in this matter by way of the Court's January 29, 2009 Order staying the mediation deadlines. (Docket No. 16 at ¶¶ 11, 15). The Court's January 29, 2009 staying the mediation requirement pending resolution of the pending motions to dismiss (Docket No. 14) did not stay discovery in this matter. Except as to the discovery sought relating to the defendant's counterclaims, the motion to compel is granted. The defendant is directed to respond to the various outstanding discovery demands within 20 days of the date of this Order.

The plaintiffs also seek attorneys fees and costs in connection with the instant motion. Pursuant to Rule 37(5)(A), "[i]f the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney

9

advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." (Emphasis added). The Court must not order this payment if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." The record reflects that prior to filing the motion to compel, the plaintiffs attempted to resolve the discovery dispute in good faith. (Docket No. 15-2 ¶¶11-12). The Court finds that the defendants refusal to make any attempt to properly respond to the discovery requests was not substantially justified. The staying of mediation did not stay discovery in this case. Indeed, it appears that Gold was aware of this fact inasmuch as the April 2, 2009 "Notice of Rejection," did not mention a purported stay of discovery as a basis for his refusal to respond to the discovery requests. (Docket No. 15-8). The record does not reflect other circumstances which would make the award of expenses unjust.

In light of the above, the motion for attorneys fees and costs incurred with respect to bringing the motion to compel is granted. The plaintiffs may submit an affidavit, along with contemporaneous time records, in support of an award of attorneys fees by **August 31, 2009.** The defendant may respond to the motion by **September 11, 2009.** A reply, if any, shall be filed by **September 18, 2009.** The motion is deemed submitted without oral argument unless otherwise determined upon review of the papers.

**Modification of the Scheduling Order**

The plaintiff also seeks modification of the scheduling order. The defendant does not

object to the motion. (Docket No. 16 at ¶ 19).

The following dates shall apply:

> 1. **The stay of the referral to the mediation program in this case is hereby lifted**. This case has been referred automatically to the Alternative Dispute Resolution (ADR) program. The ADR Plan and related forms and information are available at www.nywd.uscourts.gov and the Court Clerk's Office.
>
> 2. **Within thirty (15) days of the entry of this Order**, the parties shall confer and select a mediator, confirm that the mediator is available, ensure that the mediator does not have a conflict with any of the parties in the case, identify a date and time for the initial mediation session, and file a stipulation confirming their selection on the form provided by the Court. If the parties fail to so stipulate, the Court shall appoint an ADR neutral.
>
> 3. Any motions to opt out of the ADR process shall be filed **within ten (10) business days of the entry of this Order**.
>
> 4. The initial mediation session shall be held no later than **October 31, 2009.**
>
> 5. The referral to mediation shall terminate on **November 30, 2010**.
>
> 6. The referral of this case to mediation will not delay or defer other dates contained in this Scheduling Order and has no effect on the progress of the case toward trial.
>
> 7. All discovery in this case shall conclude on **December 31, 2009**. All motions to compel shall be due at least **30 days prior** to that discovery cutoff date.
>
> 8. The plaintiff shall identify experts and provide written reports in compliance with Rule 26(a)(2), as amended in 1993, no later than **November 15, 2009**; the defendant shall identify experts and provide written reports in compliance with Rule 26(a)(2), as amended in 1993, no later than **December 15, 2009** See Rule 26 of the Local Rules for the Western District of New York as amended effective December 1, 1994. All expert discovery shall be completed on or before **December 31, 2009.**

9 . In the event settlement is not effectuated through mediation, dispositive motions, if any, shall be filed no later than **February 26, 2010**.

10. No extension of the above cutoff dates will be granted except upon written joint motion, filed prior to the cutoff date, showing good cause for the extension.

**Conclusion**

Based on the above, the motion to compel, to modify the scheduling order in this case, and for attorneys fees and costs (Docket No. 15) is granted. Also, it is recommended that the motion to dismiss the counterclaims (Docket No. 5) be granted; and that the motion to dismiss the complaint (Docket No. 9) be granted to the extent the plaintiffs asserted claims under §§1692e(2)(A) and 1692e(5) and that the motion be otherwise denied.

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as WDNY Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED**

**HEREIN.** Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and WDNY Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to WDNY Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
August 18, 2009

13